WILLIAM J. FRIMEL (Bar No. 160287)
Seubert Frimel & Warner LLP
1075 Curtis Street
Menlo Park, CA 94025
Tel: 650.322.3048
Fax: 650.833.2976
bill@sffwlaw.com

Attorneys for Defendant
GLASSDOOR LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NICHOLAS SERVICES, LLC, d/b/a Nicholas Air, and CORR FLIGHT S., INC.,<br><br>Plaintiffs,<br><br>v.<br><br>GLASSDOOR, INC. and JOHN AND JANE DOE(S) 1-30,<br><br>Defendants. | Case No. 3:24-cv-05789-RS<br><br>**REPLY IN SUPPORT OF MOTION BY DEFENDANT GLASSDOOR LLC FOR JUDGMENT ON THE PLEADINGS**<br><br>Hearing Date: January 16, 2025<br>Hearing Time: 3:00 pm<br>Courtroom: 3<br>Judge: Hon. Richard Seeborg |

# TABLE OF CONTENTS

Page(s)

INTRODUCTION ....................................................................................................... 1

ARGUMENT ............................................................................................................... 3

I. NICHOLAS'S PROCEDURAL OBJECTIONS ARE WITHOUT MERIT ....... 3

    A. The Law of the Case Doctrine Does Not Preclude Glassdoor's Motion ....... 3

        1. The law of the case doctrine does not apply to interlocutory orders ....... 3

        2. The Mississippi Court did not rule on Glassdoor's motion to dismiss as to Nicholas ....... 4

            a. The Mississippi Court did not decide whether Nicholas stated a claim under California law ....... 4

            b. The Mississippi Court did not decide the Section 230 issue as to Nicholas ....... 7

        3. Even if the law of the case doctrine applies, the Mississippi Court's ruling regarding the FAC's defamation claim was clearly erroneous ....... 7

    B. Fed. R. Civ. P. 59 and 60 Do Not Apply to Glassdoor's Motion ....... 8

II. THE FAC'S COUNT ONE FOR DEFAMATION SHOULD BE DISMISSED ....... 9

    A. Section 230 of the Communications Decency Act Precludes this Claim ....... 9

    B. The FAC Fails to Specify What the Allegedly Defamatory Statements Are ....... 10

        1. California defamation law governs Nicholas's defamation claim ....... 10

        2. Nicholas fails to state a defamation claim under California law ....... 13

    C. At the Very Least, Nicholas's Defamation Claim as to Two Reviews Is Barred by the Statute of Limitations ....... 14

III. COUNTS TWO AND THREE OF THE FAC SHOULD BE DISMISSED ....... 15

## TABLE OF AUTHORITIES

**Page(s)**

*Adams v. David's Bridal, Inc.*, No. 3:06cv130, 2007 WL 805663 (S.D. Miss. Mar. 14, 2007) .......................................................................................................... 15

*United States v. Alexander*, 106 F.3d 876 (9th Cir. 1997) ............................................ 7

*Allcapcorp Ltd. v. CHC Consulting LLC*, No. SACV 19-00206, 2020 WL 3108708 (C.D. Cal. Apr. 8, 2020) .......................................................................... 5

*Bellum v. PCE Constructors, Inc.*, 407 F.3d 734 (5th Cir. 2005) ............................... 15

*Berkowitz v. Christie's, Inc.*, No. CV 15-1318-R, 2015 WL 12670409 (C.D. Cal. Jun. 4, 2015) ............................................................................................ 5

*Chartis Specialty Ins. Co. v. U.S.,* No. CV 12-10579, 2013 WL 12140990 (C.D. Cal. Mar. 29, 2013) ................................................................................. 6

*Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800 (1988) .............................. 4

*City of L.A. v. Santa Monica Baykeeper*, 254 F.3d 882 (9th Cir. 2001) ........................ 4

*Dunbar v. Google, Inc.*, No. 5:12-cv-003305, 2012 WL 6202797 (N.D. Cal. Dec. 12, 2012) ............................................................................................. 1, 4

*Fair Housing Council of San Fernando Valley v. Roommates.Com, LLC*, 521 F.3d 1157 (9th Cir. 2008) ...................................................................................... 3

*Flowers v. Carville*, 310 F.3d 1118 (9th Cir. 2002) .................................................... 14

*Forrest v. Meta Platforms, Inc.*, No. 22-CV-03699-PCP, 2024 WL 3024642 (N.D. Cal. June 17, 2024) .............................................................................. 10

*Franklin v. Dynamic Details, Inc.*, 116 Cal. App. 4th 375 (2004) ......................... 13-14

*Garcia v. Brockway*, 526 F.3d 456 (9th Cir. 2008) ............................................... 14-15

*Gertz v. Welch, Inc.*, 680 F.2d 527 (7th Cir. 1982) ....................................................... 4

*Griffon Corp. v. Air Cargo Eqpmt. Corp.,* No. CV 03-6961, 2005 WL 8156671 (C.D. Cal. May 9, 2005) .................................................................................. 4

*Hymas v. U.S. Dept. of Interior*, No. 4:16-CV-5091, 2017 WL 3258716 (E.D. Wash. Mar. 20, 2017) ....................................................................................... 7

*Imperial Irrigation Dist. v. Cal. Indep. Sys. Op. Corp.*, No. 15-CV-1576, 2016 WL 4087302 (S.D. Cal. Aug. 1, 2016) .......... 8

*Jones v. Dirty World Ent'mt. Recordings LLC*, 755 F.3d 398 (6th Cir. 2014) .......... 9

*Kearney v. Foley & Lardner*, No. 05-CV-2112, 2012 WL 13175644 (S.D. Cal. Jul. 31, 2012) .......... 1, 3

*Koerschner v. Budge*, No. 3:05-cv-00587, 2009 WL 2382568 (D. Nev. Jul. 30, 2009) .......... 9

*Lettis v. U.S. Postal Serv.*, 39 F. Supp. 2d 181 (E.D.N.Y. 1998) .......... 14

*Liberty Mut. Ins. Co. v. E.E.O.C.*, 691 F.2d 438 (9th Cir. 1982) .......... 5

*Meas v. City & Cty. of San Francisco*, 681 F. Supp. 2d 1128 (N.D. Cal. 2010) .......... 8

*Milgard Tempering v. Selas Corp. of Am.*, 902 F.2d 703 (9th Cir. 1990) .......... 4

*Morre v. Valder*, 65 F.3d 189 (D.C. Cir. 1995) .......... 7

*Nedlloyd Lines B.V. v. Super. Ct.*, 3 Cal. 4th 459 (1992) .......... 12

*In re Northrop Grumman Corp. ERISA Litig.*, No. CV 06-06213, 2010 WL 11469724 (C.D. Cal. Aug. 12, 2010) .......... 2, 9

*Palomino v. Facebook, Inc.*, No. 16-cv-04230, 2017 WL 76901 (N.D. Cal. Jan. 9, 2017) .......... 12

*Rieger v. Wells Fargo Bank, N.A.*, No. 3:13-CV-00749, 2013 WL 3835815 (N.D. Cal. Jul. 23, 2013) .......... 13

*Rojas v. Bosch Solar Energy Corp.*, 443 F. Supp. 3d 1060 (N.D. Cal. 2020) .......... 11

*Roshan v. Lawrence*, No. 21-cv-01235, 2023 WL 7440206 (N.D. Cal. Nov. 9, 2023) .......... 8

*Saponaro v. Grindr, LLC*, 93 F. Supp. 3d 319 (D. N.J. 2015) .......... 3, 9

*S & J Rentals, Inc. v. Hilti, Inc.*, 294 F. Supp. 3d 978 (E.D. Cal. 2018) .......... 2, 11

*Traer v. Domino's Pizza LLC*, No. CV 21-6187, 2023 WL 6369712 (C.D. Cal. Jun. 29, 2023) .......... 2, 8

*Vimar Seguros y Reaseguros, S.A. v. M/V Sky Reefer*, 515 U.S. 528 (1995) .......... 11-12

*Ward v. Caulk*, 650 F.2d 1144 (9th Cir. 1981) .......... 15

*Wash. Mut. Bank, FA v. Super. Ct.*, 24 Cal. 4th 906 (2001) ..... 12

*Weitsman v. Levesque*, No. 19-CV-461 JLS (AHG), 2020 WL 759356 (S.D. Cal. Feb. 14, 2020) ..... 12

*WowWee Grp. Ltd. v. Wallace*, No. CV-12-2298, 2012 WL 13013022 (C.D. Cal. Jun. 27, 2012) ..... 6

*Doe v. Yardi Sys. Inc.*, No. 2:23-cv-10118, 2024 WL 3051158 (C.D. Cal. Apr. 30, 2024) ..... 6

*ZL Techs., Inc. v. Does 1-7*, 13 Cal. App. 5th 603 (2017) ..... 13

1                                    **INTRODUCTION**

2         Nicholas's opposition says little about the merits of Glassdoor's motion, and mainly tries

3  to avoid addressing them by making a long list of specious procedural objections. Nearly all

4  those objections are based on the notion that, even though the Mississippi Court granted

5  Glassdoor's motion to transfer Nicholas's claims to this Court and thus rendered Glassdoor's

6  motion to dismiss moot as to Nicholas, the court's order should nonetheless be read as ruling on

7  Glassdoor's motion to dismiss with regard to Nicholas. As that is not a reasonable interpretation

8  of the Mississippi Court's order, the Court should reach the merits and dismiss Nicholas's

9  defamation claim and other causes of action against Glassdoor.

10        Nicholas principally asserts that Glassdoor's motion is barred by the law of the case

11  doctrine, based on the order by the Mississippi Court that transferred Nicholas's claims, denied

12  Glassdoor's motion to transfer as to Nicholas's co-plaintiff Corr Flight S., Inc. ("Corr"), and

13  granted in part Glassdoor's motion to dismiss as to Corr. This, according to Nicholas, is because

14  the Mississippi Court referred to both Nicholas and Corr as "Nico," and thus must have meant to

15  rule on Glassdoor's motion to dismiss insofar as it concerned Nicholas, despite having transferred

16  Nicholas's claims. However, the law of the case doctrine does not apply to "observations,

17  commentary, or mere dicta touching upon issues not formally before the Court." *Dunbar v.*

18  *Google, Inc.*, No. 5:12-cv-003305, 2012 WL 6202797, *10 (N.D. Cal. Dec. 12, 2012). As the

19  Mississippi Court's transfer of Nicholas's claims plainly rendered Glassdoor's motion to dismiss

20  moot as to Nicholas, any comments by the Mississippi Court on the merits of Nicholas's claims

21  were dicta and therefore not the law of the case. Moreover, the Mississippi Court applied

22  Mississippi law in ruling on Glassdoor's motion to dismiss, which would plainly have been

23  incorrect if the Mississippi Court had meant to rule on Nicholas's claims, as Nicholas

24  undisputedly agreed to a contract providing that California law governs the parties' dispute.

25        In any event, "the law of the case doctrine does not apply to interlocutory orders issued

26  before a judgment is entered," *Kearney v. Foley & Lardner*, No. 05-CV-2112, 2012 WL

27  13175644, *3 (S.D. Cal. Jul. 31, 2012), such as the Mississippi Court's order. Further, even

28  assuming the law of the case doctrine applies, it may be overridden where the order at issue was

1   "clearly erroneous" — which, respectfully, the Mississippi Court's order was, insofar as it denied
2   Glassdoor's motion to dismiss the FAC's First Cause of Action for defamation.  *See, e.g., Traer*
3   *v. Domino's Pizza LLC*, No. CV 21-6187, 2023 WL 6369712, *12 (C.D. Cal. Jun. 29, 2023)
4   (court's order partially dismissing complaint "was clearly erroneous to the extent it conflated a
5   CLRA 'transaction' with a sale" and thus could be reconsidered despite law of the case doctrine).
6       Nicholas next asserts that Glassdoor must satisfy the requirements for reopening a
7   judgment under Fed. R. Civ. P. 59 and 60, but those rules do not apply to interlocutory orders
8   either.  *See, e.g., In re Northrop Grumman Corp. ERISA Litig.*, No. CV 06-06213, 2010 WL
9   11469724, *16 (C.D. Cal. Aug. 12, 2010) ("'The law is well-established that a district court has
10  plenary authority over an interlocutory order, and the court has the inherent power to reconsider,
11  revise or amend the order, without regard to the limitations of Rules 59 and 60.'").
12      Nicholas then insists that, despite the parties' agreement to California law, the Court
13  should not apply California law to Nicholas's defamation claim because Glassdoor did not argue
14  to the Mississippi Court, in its motion to transfer or, in the alternative, dismiss the action (the
15  "Mississippi Motion"), that California law applied.  Nicholas cites no authority for its claim of
16  waiver, but in any event, there was no reason for Glassdoor to make such an argument, because, if
17  the Mississippi Court had denied Glassdoor's motion to transfer as to Nicholas — which would
18  have required the court to hold that the parties' contract was somehow unenforceable — there
19  would have been no reason for California law to apply.  In any event, as Glassdoor did not make
20  any argument inconsistent with applying California law, no waiver occurred.  *See S & J Rentals,*
21  *Inc. v. Hilti, Inc.*, 294 F. Supp. 3d 978, 984 (E.D. Cal. 2018) (rejecting argument that defendant
22  "waived its right to assert that the case should be refiled in Oklahoma state court pursuant to the
23  forum selection clause" in parties' contract "because it sought transfer to the Northern District of
24  Oklahoma," as defendant "has not acted inconsistently with the forum selection clause" because
25  its "sole actions with respect to the forum selection clause have been to enforce the clause").
26      Finally, on the merits, Nicholas claims this matter is a "case of first impression" because
27  courts applying 47 U.S.C. § 230 have not previously dealt with a case in which the website at
28  issue requires users to answer questions or choose from menu options provided by the website in

1  the course of creating content. That, as indicated by the numerous authorities cited in Glassdoor's
2  motion applying *Fair Housing Council of San Fernando Valley v. Roommates.Com, LLC*, 521
3  F.3d 1157 (9th Cir. 2008) ("*Roommates*"), is plainly incorrect. *See, e.g., Saponaro v. Grindr,*
4  *LLC*, 93 F. Supp. 3d 319, 324 (D. N.J. 2015) ("[T]he questions that Defendant poses to its
5  subscribers when creating a profile substantively differ from those posed by the defendant in
6  [*Roommates*] . . . in one significant respect: they do not develop content that facially violates a
7  state or federal statute. Defendant's online questionnaire asks users to enter information about
8  themselves, but these questions are facially benign.").

## ARGUMENT

### I. NICHOLAS'S PROCEDURAL OBJECTIONS ARE WITHOUT MERIT

#### A. The Law of the Case Doctrine Does Not Preclude Glassdoor's Motion

Glassdoor explained that, as (1) the order transferring Nicholas's claims rendered Glassdoor's motion to dismiss moot as to Nicholas; and (2) California law governs Nicholas's claims, and the Mississippi Court applied Mississippi law in discussing Glassdoor's motion to dismiss, the Mississippi Court's order should only be interpreted as ruling on Corr's claims and not those of Nicholas. (Mem. in Supp. of Mot. for J. on the Pleadings, Nov. 19, 2024, Dkt. No. 40 ("Def.'s Mem."), at 6-7.) Nicholas responds that, as the Mississippi Court's order referred to Nicholas and Corr collectively as "Nico," the Mississippi Court, despite transferring Nicholas's claims to this Court, must have meant to rule on Glassdoor's motion to dismiss as to Nicholas as well, and thus the law of the case doctrine bars this motion. (Opp'n. to Mot. for J. on the Pleadings, Dec. 10, 2024, Dkt. No. 44 ("Opp'n."), at 5-6.) Nicholas is mistaken.

##### 1. The law of the case doctrine does not apply to interlocutory orders

"Numerous . . . cases reiterate that the law of the case doctrine does not apply to interlocutory orders issued before a judgment is entered." *Kearney*, 2012 WL 13175644, *3. Thus, even assuming Glassdoor is in some respect attempting to overturn the Mississippi Court's order, that order was interlocutory, and thus the law of the case doctrine does not apply. *See id.* at *2-3 (prior judge's "order granting [defendant's] motion to dismiss the SAC," which "conclu[ded] that the Plaintiff sufficiently alleged the other elements of her RICO claim," was

-3-
REPLY IN SUPP. OF DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS

interlocutory, and thus law of the case doctrine did not apply); *Griffon Corp. v. Air Cargo Eqpmt. Corp.*, No. CV 03-6961, 2005 WL 8156671, *5-6 (C.D. Cal. May 9, 2005) (as "[t]he law of the case . . . doctrine does not limit a district court's power to reconsider its own interlocutory orders as long as the district court has not been divested of jurisdiction over the order," court could revisit issue of whether "Plaintiff's . . . cost recovery claim is time barred"); *see also City of L.A. v. Santa Monica Baykeeper*, 254 F.3d 882, 883, 888 (9th Cir. 2001) (district court properly "withdr[ew] its previous order certifying an interlocutory appeal," despite law of the case doctrine, as that "doctrine simply does not impinge upon a district court's power to reconsider its own interlocutory order provided that the district court has not been divested of jurisdiction"). *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800 (1988), which Nicholas cites (Opp'n. at 5), is not to the contrary. In saying that "[f]ederal courts routinely apply law-of-the-case principles to transfer decisions of coordinate courts," *id.* at 816, the Supreme Court was addressing an order by the Federal Circuit transferring a case to the Seventh Circuit, and not a transferee *district* court's reexamination of a transferor district court's order.

### 2. The Mississippi Court did not rule on Glassdoor's motion to dismiss as to Nicholas

Even if the law of the case doctrine applies despite the Mississippi Court's order being interlocutory, "[f]or the law of the case doctrine to apply, 'the issue in question must have been decided explicitly or by necessary implication in the previous disposition,'" and "'[a] significant corollary to the doctrine is that dicta have no preclusive effect.'" *Dunbar*, 2012 WL 6202797, *10 (quoting *Milgard Tempering v. Selas Corp. of Am.*, 902 F.2d 703, 715 (9th Cir. 1990)). "[O]bservations, commentary, or mere dicta touching upon issues not formally before the Court do not constitute binding determinations." *Id.* (quoting *Gertz v. Welch, Inc.*, 680 F.2d 527, 533 (7th Cir. 1982)). The Mississippi Court either did not address the issues presented by Glassdoor's motion to dismiss as to Nicholas, or did so only in dicta.

#### a. The Mississippi Court did not decide whether Nicholas stated a claim under California law

As to whether Nicholas stated a defamation claim under California law, the Mississippi

1  Court plainly did not decide that issue.  Instead, the court only evaluated the plaintiffs'
2  defamation claim under Mississippi law.  (*See* Mem. Op., Aug. 21, 2024, Dkt. No. 35 ("MS
3  Order"), at 9 (addressing the claim "that Nico has failed to state a claim under Mississippi law").)
4  However, California law governs Nicholas's defamation claim, as the provision of Glassdoor's
5  Terms of Use (the "TOU") under which the Mississippi Court severed and transferred Nicholas's
6  claims, in addition to requiring Nicholas to litigate its claims in California (*id.* at 6-7), provided
7  that Nicholas's claims "shall be governed by the laws of the State of California" (Exh. B to Decl.
8  of Annie Khalid, Jan. 5, 2024, Dkt. No. 22-1, ¶ 12.2.5).  Nicholas itself concedes that "the
9  Mississippi Court ordered transfer of Nicholas' claims based on the same contract that contains
10  the choice-of-law clause . . . ."  (Opp'n. at 8.)

11  As the Mississippi Court did not determine whether the FAC states a claim under
12  California law, the law of the case doctrine does not prevent this Court from considering that
13  issue.  *See Allcapcorp Ltd. v. CHC Consulting LLC*, No. SACV 19-00206, 2020 WL 3108708,
14  *6, 10 (C.D. Cal. Apr. 8, 2020) (as transferor "Court made no explicit or implicit finding as to
15  whether California or Texas law applied," "the law of the case doctrine does not foreclose this
16  Court's determination that California law applies," and California law barred plaintiff's breach of
17  contract claim); *see also Liberty Mut. Ins. Co. v. E.E.O.C.*, 691 F.2d 438, 441 (9th Cir. 1982) (as
18  "the law of the case would preclude the district court from reconsidering only issues decided
19  explicitly or by necessary implication in this court's previous disposition," "the law of the case
20  did not require the district court to grant Liberty's Rule 60 motion").

21  Moreover, as discussed (Def.'s Mem. at 6-7), the Mississippi Court's order transferring
22  Nicholas's claims rendered Glassdoor's motion to dismiss moot as to Nicholas.  Thus, any
23  comments the Mississippi Court may have made concerning that motion's impact on Nicholas, by
24  using "Nico" to describe Nicholas and Corr, are nonbinding dicta and not the law of the case.  In
25  response, Nicholas takes issue with cases Glassdoor cited regarding the mootness of Glassdoor's
26  motion to dismiss as to Nicholas.  First, Nicholas asserts that *Berkowitz v. Christie's, Inc.*, No.
27  CV 15-1318-R, 2015 WL 12670409 (C.D. Cal. Jun. 4, 2015), in which the court granted the
28  defendant's motion to transfer and hence denied its motion to dismiss as moot, *id.* at *2, is

1    inapposite because "Glassdoor raised its arguments in one motion, and only requested transfer as
2    an alternative," whereas the defendant in *Berkowitz* filed separate motions to dismiss and to
3    transfer.  (Opp'n. at 7.)  In fact, Glassdoor moved to (1) dismiss this action for lack of personal
4    jurisdiction; (2) in the alternative, to transfer the matter to this Court; or (3) again, in the
5    alternative, to dismiss under Fed. R. Civ. P. 12(b)(6).  (*See* Mem. Br. in Supp. of Def.'s Mot., Jan.
6    5, 2024, Dkt. No. 23 ("Miss. Mot."), at 16 ("Even assuming this case should not be dismissed for
7    lack of personal jurisdiction or transferred, Plaintiffs' claims against Glassdoor are barred" by
8    Section 230).)  The very reason Glassdoor moved to dismiss under Rule 12(b)(6) *in the event* that
9    the motion to transfer was denied was that, if the Mississippi Court transferred the case,
10   Glassdoor's motion to dismiss would, as in *Berkowitz*, be rendered moot.
11           Nicholas next notes that, despite the statement in *Doe v. Yardi Sys. Inc.*, No. 2:23-cv-
12   10118, 2024 WL 3051158 (C.D. Cal. Apr. 30, 2024), that "[a] transferor court generally does not
13   decide a pending motion on a case's way out the door" and "the transferee judge should decide
14   any motion outstanding at the time of transfer," *id.* at *4, the court in *Yardi Systems* granted the
15   defendant's motion to dismiss while also granting its motion to transfer.  (Opp'n. at 7.)  But the
16   court did so because "[t]his case . . . presents a unique situation, because, in concluding that
17   transfer was appropriate, the Court also decided the issue at the heart of [defendant's] motion to
18   dismiss." *Yardi Sys.*, 2024 WL 3051158, *4.  Here, in contrast, the Mississippi Court's order
19   transferring Nicholas's claims did not address any issues raised in Glassdoor's motion to dismiss.
20   In any case, regardless of whether the cited passage in *Yardi Systems* is dicta, other cases make
21   clear (and it is obvious) that, if a court is presented with a motion to transfer or dismiss, and it
22   transfers the case, the motion to dismiss will become moot.  *See, e.g., Chartis Specialty Ins. Co. v.*
23   *U.S.,* No. CV 12-10579, 2013 WL 12140990, *4 (C.D. Cal. Mar. 29, 2013) ("As the Court grants
24   Defendant's Motion to Transfer Venue, it need not address Defendant's Motion to Dismiss.  The
25   Court thus DENIES AS MOOT Defendant's Motion to Dismiss."); *WowWee Grp. Ltd. v.*
26   *Wallace*, No. CV-12-2298, 2012 WL 13013022, *1 (C.D. Cal. Jun. 27, 2012) ("[T]he Court
27   grants Defendants' Motion to Transfer and denies as moot . . . Defendants' Motion to Dismiss.").
28

### b. The Mississippi Court did not decide the Section 230 issue as to Nicholas

The above observation that, as the Mississippi Court's order transferring Nicholas's claims rendered Glassdoor's motion to dismiss moot as to Nicholas, any comments by the Mississippi Court regarding the merits of Nicholas's claims were dicta (*see* § I.B.2.a *supra*) also applies to Glassdoor's contention that Section 230 bars Nicholas's defamation claim. Also, and notably, Nicholas's assertion that, because the Mississippi Court used "Nico" to refer to Nicholas and Corr, the court must have intended to deny Glassdoor's motion as to both entities does not apply to the Section 230 issue, as the Mississippi Court nowhere used the abbreviation "Nico" in analyzing that question. (MS Order at 11-19.)

### 3. Even if the law of the case doctrine applies, the Mississippi Court's ruling regarding the FAC's defamation claim was clearly erroneous

Even if the law of the case doctrine would otherwise preclude the Court from ruling on the merits, the Court need not adhere to the doctrine if "the first decision was clearly erroneous." (Opp'n. at 6 (quoting *United States v. Alexander*, 106 F.3d 876, 876 (9th Cir. 1997)).) Further, the law of the case doctrine does not apply "where a decision of the transferor court is in conflict with settled law in the circuit of the transferee court." *Hymas v. U.S. Dept. of Interior*, No. 4:16-CV-5091, 2017 WL 3258716, *4 (E.D. Wash. Mar. 20, 2017) (citing *Morre v. Valder*, 65 F.3d 189, 195 n.9 (D.C. Cir. 1995)). Respectfully, the Mississippi Court's ruling was clearly erroneous and inconsistent with settled precedent in the Ninth Circuit and elsewhere.

First, to the extent that, as Nicholas suggests, the Mississippi Court ruled that *Mississippi* law applied to Nicholas's defamation cause of action, that was clearly erroneous because it contradicted the court's own justification for transferring Nicholas's claims to this Court. As discussed in the Mississippi Motion, Nicholas created an account on the Site and thus agreed to the TOU, and Section 12.2.5 of the TOU provides that any claim arising from a user's use of the Site "shall be governed by the laws of the State of California" and "shall be brought and litigated exclusively in the state courts located within Marin County, California or the federal courts in the Northern District of California." (Miss. Mot. at 9.) Thus, if Section 12.2.5's forum selection

-7-
REPLY IN SUPP. OF DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS

1  clause required a transfer, its choice of law clause necessarily applied too, and required
2  Nicholas's claims to be adjudicated under California law.

3  Second, assuming the Mississippi Court's ruling regarding Section 230 also applied to
4  Nicholas, the Mississippi Court plainly misread *Roommates*, which was the case it principally
5  relied on in denying the motion to dismiss as to the First Cause of Action.  As Glassdoor detailed
6  (Def.'s Mem. at 10-14), *Roommates*, and numerous cases interpreting it, made clear that a website
7  does not become a co-creator of its users' content merely by requiring them to answer questions
8  in the course of creating that content, unless, as in *Roommates*, the mere *act* of asking and
9  answering the specific questions chosen by the website is unlawful.  *See, e.g., Traer*, 2023 WL
10 6369712, *12 (court's prior holding partly dismissing complaint "was clearly erroneous to the
11 extent it conflated a CLRA 'transaction' with a sale" and thus would be reconsidered despite law
12 of the case doctrine); *Imperial Irrigation Dist. v. Cal. Indep. Sys. Op. Corp.*, No. 15-CV-1576,
13 2016 WL 4087302, *4-5 (S.D. Cal. Aug. 1, 2016) (as "the Court . . . clearly erred in permitting
14 [plaintiff's] claims predicated on enforcement of the . . . tariff" at issue "to go forward," court
15 departed from prior motion to dismiss order despite law of the case doctrine).

16 **B.  Fed. R. Civ. P. 59 and 60 Do Not Apply to Glassdoor's Motion**

17 Nicholas asserts that Glassdoor must satisfy Fed. R. Civ. P. 60(b)'s requirements for relief
18 from a "final judgment, order, or proceeding" for the Court to reach the merits of Glassdoor's
19 motion.  (Opp'n. at 4.)  As discussed, the Mississippi Court's order should not be interpreted to
20 rule on Glassdoor's motion to dismiss as to Nicholas, and thus there is no need for Glassdoor to
21 seek relief from a prior order.  In any event, "Rule 60(b) does not provide relief from judgments,
22 orders, or proceedings that are not final decisions within the meaning of 28 U.S.C. § 1291, which
23 generally cannot be appealed immediately." *Meas v. City & Cty. of San Francisco*, 681 F. Supp.
24 2d 1128, 1142 (N.D. Cal. 2010).  Such non-final decisions include "[i]nterlocutory orders and
25 judgments — including those that dismiss some, but not all, claims in a complaint." *Roshan v.*
26 *Lawrence*, No. 21-cv-01235, 2023 WL 7440206, *2 (N.D. Cal. Nov. 9, 2023).  Thus, even if the
27 Mississippi Court's order is properly read to rule on Glassdoor's motion to dismiss as to
28 Nicholas, Glassdoor need not satisfy Rule 60(b)'s requirements to contest it.  Nicholas's

insistence that Glassdoor "should have timely moved to reconsider under Rule 59" (Opp'n. at 6) is similarly misguided, as Rule 59 does not apply to interlocutory orders either. *See In re Northrop Grumman Corp. ERISA Litig.*, 2010 WL 11469724, *16 ("'The law is well-established that a district court has plenary authority over an interlocutory order, and the court has the inherent power to reconsider, revise or amend the order, without regard to the limitations of Rules 59 and 60'") (quoting *Koerschner v. Budge*, No. 3:05-cv-00587, 2009 WL 2382568, *4 (D. Nev. Jul. 30, 2009)).

## II.   THE FAC'S COUNT ONE FOR DEFAMATION SHOULD BE DISMISSED

### A. Section 230 of the Communications Decency Act Precludes this Claim

Glassdoor explained that *Roommates* does not strip Glassdoor of its immunity from liability under Section 230, because Glassdoor's requirement that users authoring employer reviews state whether they are current or former employees of the businesses at issue (the "Employment Status Requirement") does not inherently violate any statute or other rule of law. (Def.'s Mem. at 10-14.)  Nicholas responds that the cases cited by Glassdoor do not "deal with the unique issue at hand," which is "an employer review website forcing users to choose only whether they are an employee or former employee." (Opp'n. at 11-12.)

In fact, many cases Glassdoor cited dealt with websites that required users, in creating content, to answer particular questions or choose from menus of options, and held that those sites did not, by requiring such input, become co-creators of users' content under *Roommates*. *See, e.g., Jones v. Dirty World Ent'mt. Recordings LLC*, 755 F.3d 398, 416 (6th Cir. 2014) (the fact that website's "submission form . . . . provides labels by which to categorize the submission" did not "constitute a material contribution to any defamatory speech that is uploaded" to the site, as "[a] material contribution to the alleged illegality of the content does not mean merely taking action that is necessary to the display of allegedly illegal content.  Rather, it means being responsible," like the site in *Roommates*, "for what makes the displayed content allegedly unlawful"); *Saponaro,* 93 F. Supp. 3d at 324 ("[T]he questions that Defendant poses to its subscribers when creating a profile substantively differ from those posed by the defendant in

1    [*Roommates*]" because "they do not develop content that facially violates a state or federal
2    statute.  Defendant's online questionnaire asks users to enter information about themselves, but
3    these questions are facially benign."). Thus, a case about a website that allegedly "forces" users
4    to answer specific questions in the course of creating content is hardly novel.

5    *Forrest v. Meta Platforms, Inc.*, No. 22-CV-03699-PCP, 2024 WL 3024642 (N.D. Cal.
6    June 17, 2024), which Nicholas cites (Opp'n. at 12), is not to the contrary.  There, the plaintiff
7    claimed that Meta (the owner of Facebook) "played a role in *producing* . . . ads" that "allegedly
8    misappropriated [plaintiff's] identity," because Meta "us[ed] generative artificial intelligence to
9    'automatically optimize[] ads to versions the audience is more likely to interact with.'" *Forrest*,
10   2024 WL 3024642, *5-6 (emphasis in original).  Nicholas, in contrast, does not accuse Glassdoor
11   of producing or modifying the reviews by the anonymous defendants (the "Does").

12   Finally, to the extent Nicholas suggests that, apart from the Employment Status
13   Requirement, Glassdoor's requirement that reviewers fill out a "pre-titled questionnaire[]," and its
14   creation of an "employer page" containing users' reviews of Nicholas, are not entitled to Section
15   230 protection (Opp'n. at 11), Nicholas fails to address the contrary authorities cited by
16   Glassdoor (Def.'s Mem. at 8-10).

17   **B. The FAC Fails to Specify What the Allegedly Defamatory Statements Are**
18   **1. California defamation law governs Nicholas's defamation claim**

19   Glassdoor explained that, as the FAC fails to make clear which statements by the Does are
20   supposedly defamatory, it does not state a defamation claim.  (Def.'s Mem. at 14-15.)  Nicholas
21   again attempts to avoid discussing the merits by asserting that, because Glassdoor "argued
22   Mississippi law" in the Mississippi Motion, Glassdoor waived the right to contend that California
23   law determines whether the FAC states a defamation claim.  (Opp'n. at 8.)

24   Nicholas mischaracterizes the Mississippi Motion.  As discussed, Glassdoor observed that
25   Nicholas created an account on Glassdoor.com (the "Site") and thus agreed to the TOU, which
26   provided that California law governs any claim arising out of the use of the Site, and that any
27   such claim must be litigated in California.  (Miss. Mot. at 9.)  Due to this clause, Glassdoor
28   explained, Nicholas had to litigate in California.  (*Id.*)  But "even assuming this case should

1    remain in this Court," Glassdoor stated, "47 U.S.C. § 230(c)(1) precludes Plaintiffs' claims

2    against Glassdoor," and "Plaintiffs fail to state a claim under Mississippi law." (*Id.* at 3.) In

3    other words, Glassdoor explained that, *if* the Mississippi Court ruled that the TOU did not apply

4    for some reason, the court should hold that Nicholas failed to state a claim under Mississippi law.

5    There was no reason for Glassdoor to discuss California law, because, if the Mississippi Court

6    found that the TOU did not apply, there would have been no reason for California law to apply.

7         In any case, Nicholas cites no authority for its claim of waiver, and none exists. As

8    Glassdoor made clear, in the Mississippi Motion, that Mississippi law only applied if the

9    Mississippi Court found that the TOU did *not* apply, and the TOU provide that California law

10   governs, Glassdoor did not take a position inconsistent with applying California law. *See S & J*

11   *Rentals, Inc.*, 294 F. Supp. 3d at 984 (rejecting argument that defendant "waived its right to assert

12   that the case should be refiled in Oklahoma state court pursuant to the forum selection clause" in

13   parties' contract "because it sought transfer to the Northern District of Oklahoma," as defendant

14   "has not acted inconsistently with the forum selection clause" because its "sole actions with

15   respect to the forum selection clause have been to enforce the clause"). Further, Glassdoor was

16   not required to argue that the choice of law provision applied to preserve its right to do so later.

17   *See Rojas v. Bosch Solar Energy Corp.*, 443 F. Supp. 3d 1060, 1071 (N.D. Cal. 2020) (defendant

18   did not waive the right to argue that choice of law provision applied, as "Plaintiffs have not cited

19   any authority for the proposition that a choice of law provision is a 'defense or objection' that is

20   subject to waiver if not raised in the defendant's first Rule 12 motion").

21        Second, although Nicholas concedes that Section 12.2.5 of the TOU, which the

22   Mississippi Court found that Nicholas agreed to, requires California law to be applied, Nicholas

23   insists that "the venue and choice of law provision[s]" in Section 12.2.5 "must be separately

24   evaluated." (Opp'n. at 8.) Even if such a "separate evaluation" is necessary, Nicholas fails to

25   explain how it would be possible for Section 12.2.5's forum selection clause to apply, but for its

26   choice of law clause not to apply. Nor would that be consistent with Section 12.2.5's text, as it

27   requires "any and all claims, disputes, or other legal proceedings by or between you or us" to be

28   "governed by the laws of the State of California" *and* "brought and litigated exclusively" in

1  California.  (Miss. Mot. at 5.)  *Vimar Seguros y Reaseguros, S.A. v. M/V Sky Reefer*, 515 U.S. 528

2  (1995), is of no help to Nicholas, as it merely held, in a case in which the parties had agreed to

3  arbitration, that the arbitrator should "decide[] in the first instance" how the choice of law clause

4  in the parties' contract should be applied, *id.* at 541, and offers no basis for finding the choice of

5  law clause at issue here inapplicable.

6        Third, Nicholas cites the statement in *Weitsman v. Levesque*, No. 19-CV-461 JLS

7  (AHG), 2020 WL 759356 (S.D. Cal. Feb. 14, 2020), that, "[a]lthough this [defamation] action

8  was transferred to this District from New York, the Court continues to apply New York

9  substantive law." *Id.* at *7 n.1.  But *Weitsman* did not involve a choice of law clause, and thus

10 does not support Nicholas's request that the Court disregard the parties' agreement to California

11 law.  Nor is there any other basis for that request.  California choice of law rules apply despite

12 Nicholas's filing of this case in Mississippi because, "when a party bound by a forum-selection

13 clause flouts its contractual obligation and files suit in a different forum," as Nicholas did, "a §

14 1404(a) transfer of venue will not carry with it the original venue's choice-of-law rules." *Atlantic*

15 *Marine Const. Co. v. U.S. Dist. Ct.*, 571 U.S. 49, 64 (2013).  "California has a 'strong policy

16 favoring enforcement of' choice-of-law provisions." *Palomino v. Facebook, Inc.*, No. 16-cv-

17 04230, 2017 WL 76901, *3 (N.D. Cal. Jan. 9, 2017) (quoting *Nedlloyd Lines B.V. v. Super. Ct.*, 3

18 Cal. 4th 459, 465 (1992)).  "In analyzing the enforceability of a choice-of-law clause, the Court

19 must first determine '(1) whether the chosen state has a substantial relationship to the parties or

20 their transaction, or (2) whether there is any other reasonable basis for the parties' choice of

21 law.'" *Id.* (quoting *Wash. Mut. Bank, FA v. Super. Ct.*, 24 Cal. 4th 906, 916 (2001)).  California

22 has a substantial relationship to this dispute because Glassdoor is headquartered here.  (First Am.

23 Compl., Dec. 13, 2023, Dkt. No. 13 ("FAC"), ¶ 3; *see also Palomino*, 2017 WL 76901, *3.)

24 Thus, "'the parties' choice generally will be enforced unless' the party asserting the law of an

25 alternate state 'can establish both that the chosen law is contrary to a fundamental policy' of the

26 alternate state and that the alternate state 'has a materially greater interest in the determination of

27 the particular issue.'" *Palomino*, 2017 WL 76901, *3 (quoting *Wash. Mut. Bank*, 24 Cal. 4th at

28 917).  Nicholas offers no reason why a "fundamental policy" of Mississippi law might prohibit

-12-

1    enforcement of the TOU's choice of law clause, and none exists.

**2. Nicholas fails to state a defamation claim under California law**

Glassdoor explained that, because the FAC simply attaches the Does' reviews of Nicholas (the "Reviews") in their entirety without specifying which statements in them are allegedly defamatory, Nicholas fails to state a defamation claim. (Def.'s Mem. at 14-15.) Nicholas responds by characterizing Glassdoor as saying that "Plaintiff was required to include each and every review into the body of the FAC instead of attaching the reviews as an exhibit." (Opp'n. at 9.) Nicholas distorts Glassdoor's position. The problem is not that Nicholas reproduced the Reviews in an attachment to the FAC rather than the FAC itself, but that Nicholas fails, whether in the body of the FAC or otherwise, to identify *which statements* are supposedly actionable.

Nicholas next claims the authorities cited by Glassdoor (Def.'s Mem. at 14-15) are inapposite because, unlike in those cases, Nicholas claims "all of the reviews purporting to be on behalf of employees are definitionally false because it has no employees" (Opp'n. at 9). The FAC does allege that "[a]ll of the Reviews are false . . . as Nicholas Air has no employees" (FAC ¶ 14), but that theory makes no sense. The FAC claims that statements in the Reviews such as "[Nicholas] [p]romise[s] bonuses but then they keep extending when you are eligible," and "[t]he lady in charge thinks the pilots are beneath her," are defamatory (FAC ¶ 13 & n.1; *id.* Exh. A, at 1-2), and whether the Does were employed by Nicholas, or Nicholas has employees as a general matter, has no bearing on those statements' truth or falsity. *See, e.g.*, *Rieger v. Wells Fargo Bank, N.A.*, No. 3:13-CV-00749, 2013 WL 3835815, *5 (N.D. Cal. Jul. 23, 2013) (dismissing defamation claim because, "while Plaintiff alleges that the foreclosure-related publications falsely stated that he was in default, his FAC does not explain why he believes he was not in default").

Finally, Nicholas asserts that, because the complained-of statements in the Reviews allege "Nicholas's lack of business competency," "they are per se defamatory." (Opp'n. at 9.) But whether the statements are defamatory *per se* is relevant to Nicholas's damages, and not to the distinct issue of the statements' truth or falsity. *See, e.g., ZL Techs., Inc. v. Does 1-7*, 13 Cal. App. 5th 603, 633-34 (2017) ("[I]n cases where the" allegedly defamatory "statements are libelous *per se*" — *i.e.*, "defamatory of the plaintiff without the necessity of explanatory matter,"

-13-
REPLY IN SUPP. OF DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS

Cal. Civ. Code § 45a — "actual damage or injury need not be proven at all."); *Franklin v. Dynamic Details, Inc.*, 116 Cal. App. 4th 375, 378 (2004) (although defendant's "e-mails contained statements that would be defamatory *per se* if actionable," they "were not actionable as libel or trade libel because they expressed [defendant's] opinions and fully disclosed provably true facts on which the opinions were based").

### C. At the Very Least, Nicholas's Defamation Claim as to Two Reviews Is Barred by the Statute of Limitations

Glassdoor explained that Nicholas's defamation claim is time-barred as to the Reviews published on June 9, 2020 and February 16, 2021 because Nicholas brought this action more than one year after those Reviews' publication. (Def.'s Mem. at 15-16.) Nicholas responds that "Glassdoor has engaged in a continuing tort," and thus "the claims are timely so long as one comment was posted within the limitations period." (Opp'n. at 10.) Nicholas does not explain how the Does' authorship of the Reviews could amount to a "continuing tort" by Glassdoor. If Nicholas means to suggest that Glassdoor's creation of the Employment Status Requirement was somehow a continuing tort, Nicholas is mistaken.

As an initial matter, the FAC does not say when Glassdoor implemented the Employment Status Requirement, and thus it is not even clear that the requirement was in place at the time of the 2020 and 2021 Reviews. But even if that is clear, "a cause of action for defamation accrues immediately upon the occurrence of the tortious act and thus is not appropriate for the continuing violation exception." *Flowers v. Carville*, 310 F.3d 1118, 1126 (9th Cir. 2002) (quoting *Lettis v. U.S. Postal Serv.*, 39 F. Supp. 2d 181, 205 (E.D.N.Y. 1998)). Thus, assuming Glassdoor's implementation of the Employment Status Requirement should somehow be viewed as an act of defamation, it would be incorrect to treat that conduct as a "continuing tort." *See Flowers*, 310 F.3d at 1126 (as defendant's "publication of" allegedly defamatory "book was a single incident," it was not a "continuing tort" for statute of limitations purposes). Further, even assuming Glassdoor's implementation of the Employment Status Requirement resulted in lasting *harm* to Nicholas, the fact that it was a single act still means that the continuing tort doctrine is inapplicable. *See Garcia v. Brockway*, 526 F.3d 456, 461-62 (9th Cir. 2008) (rejecting plaintiff's

argument that a Federal Housing Act "design-and-construction violation is a continuing one that does not terminate until the building defects are cured," as that "confuse[s] a continuing violation with the continuing effects of a past violation," and "'[a] continuing violation is occasioned by continual unlawful acts, not by continual ill effects from an original violation'") (quoting *Ward v. Caulk*, 650 F.2d 1144, 1147 (9th Cir. 1981)).

The Fifth Circuit authorities cited by Nicholas (Opp'n. at 10) are not to the contrary. *Adams v. David's Bridal, Inc.*, No. 3:06cv130, 2007 WL 805663 (S.D. Miss. Mar. 14, 2007), held that the continuing tort doctrine did *not* apply, as "there [was] no evidence that at least one defamatory statement was made within the one-year limitations period beginning February 2, 2005." *Id.* at *3. Here, as discussed, assuming the Employment Status Requirement went into effect on or before June 9, 2020, any defamation cause of action based on that requirement accrued on or before that date, and the downstream effects of that requirement did not toll the statute of limitations. Similarly, *Bellum v. PCE Constructors, Inc.*, 407 F.3d 734 (5th Cir. 2005), rejected the plaintiff's argument that the continuing tort doctrine tolled the statute of limitations, as the plaintiff claimed "the effects of [the] termination" of the plaintiff's employment "persist into the present," but "[t]he continuing tort doctrine does not apply when a plaintiff . . . simply alleges that 'harm reverberates from one wrongful act or omission.'" *Id.* at 741.

### III.   COUNTS TWO AND THREE OF THE FAC SHOULD BE DISMISSED

Nicholas does not dispute that its Second and Third Causes of Action for, respectively, interference with business relations and interference with contracts should be dismissed. (Opp'n. at 5 n.3.) Thus, those claims should be dismissed with prejudice.

Dated:  December 17, 2024           /s/ William J. Frimel

WILLIAM J. FRIMEL
Attorneys for Defendant
GLASSDOOR LLC

-15-
REPLY IN SUPP. OF DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS